CONDON & FORSYTH, LLP
7 Times Square
New York, New York 10036
(212) 894-6778

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BELUGA CHARTERING GMBH
        Plaintiff,        ____ Civ. ____

- against -

                    **VERIFIED COMPLAINT**
KOREA LOGISTICS SYSTEMS INC.      **AND RULE B ATTACHMENT**
        Defendant
-----------------------------------------------------------X

  Plaintiff BELUGA CHARTERING GMBH ("BELUGA"), by its attorneys, CONDON & FORSYTH, LLP, as and for its Verified Complaint against Defendant KOREA LOGISTICS SYSTEMS INC. ("KLS") alleges upon information and belief, as follows:

  1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

  2.  Venue is proper under 28 U.S.C. § 1391 (d) because Defendant KLS is an alien.

  3.  Plaintiff, BELUGA, was and is now a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Bremen, Germany, who was and now is the disponent owner of the M/V BELUGA CONSTITUTION, a general merchant vessel operated by BELUGA in the carriage of goods for hire.

4. Upon information and belief, Defendant KLS is a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Seoul, Korea.

### AS FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT

5. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

6. The M/V BELUGA CONSTITUTION is a 2006 built, multi-purpose cargo ship, which was hired by KLS to carry a cargo of approximately 9,159,120.00 cbm of construction material from Map Ta Phut, Thailand, to Masan, South Korea, and/or Point Lisas in Trinidad, Trinidad and Tobago.

7. On October 30, 2007, BELUGA entered into a GENCON charter party in Bremen, Germany with KLS for the carriage of a general cargo to be loaded between November 10, 2007 and November 30, 2007, the terms of said charter plead herein as is copied *in extenso*.

8. Demurrage was calculated at $19,500.00 per day allowing for 15 total days of laytime.

9. Rider clause 26 provides:

26. LOADING, DISCHARGING AND DELIVERY

It is Charterer's responsibility that cargo is loaded in shippable/liftable/stackable condition so that it does not present any danger whatsoever, the Merchant shall have equipped cargo with:

-lifting lugs and/or hoisting frames and/or similar appliances suitable, and with guaranteed sufficient strength, for the foreseen loading and discharging operations.

-lashing lugs/points suitable, and with guaranteed strength, for the securing of the cargo.

-cradles suitable, and with guaranteed sufficient strength, for the intended sea transport.

-and and all lifting/securing equipment supplied by the Merchant shall be certified by an international recognized authority.

Cargo is to be properly marked to indicate exact place(s) where pieces are to be slung and to indicate the exact location of the centre of gravity of each piece. Furthermore, the Merchant to arrange that lifting lugs are sufficiently/safe/accessible.

Any damages from Merchant's failure to comply with the above, to be for Merchant's account and any time lost thereby to count as detention time.

10. On November 11, 2007, a Notice of Readiness was forwarded to KLS' agents at the pilot station of Map Ta Phut. Loading commenced at 0900 hrs on November 14, 2007. Loading was completed on November 18, 2007, and the vessel sailed for Masan with an estimated time of arrival of November 26, 2007.

11. On November 22, 2007 and November 23, 2007, the vessel experienced numerous "gross waves" on the starboard side, as well as high seas and storm force winds. This weather system was likely related to Tropical Storm Hagibis.

12. After the weather abated, the crew inspected the cargo spaces and observed that the 'tween deck cargo was not secure and had experienced an undetermined extent of collapse and damage. Due to this, and damage suffered to the ship itself, the vessel sought refuge in Hong Kong on November 25, 2007.

13. Due to the damage of the cargo and the vessel, the cargo was discharged and temporarily stored in order that the damage to the hold and 'tween deck could be fully assessed, after which time the cargo was re-stowed and lashed. These operations were conducted on November 27, 2007 and November 28, 2007. The vessel departed on November 28, 2007 and arrived at Masan on December 2, 2007.

14. There, the vessel underwent repairs from December 4, 2007 through December 9, 2007. Finally, the vessel made its way to Point Lisas where it completed discharge of the cargo on January 14, 2008.

15. Due to KLS' negligence, breach of charter, and failure to ensure that this cargo was loaded and stacked in a safe condition, BELUGA has suffered the following damages consisting of vessel damage, demurrage, port of refuge expenses, deviation costs, increased bunker expenses, in excess of $784,628.08, exclusive of associated costs, interest, and attorneys' fees.

16. Although BELUGA fulfilled all of its duties under the relevant contracts of carriage, KLS owes BELUGA a total of $784,628.08, which, despite amicable demand, KLS refuses to pay or otherwise secure BELUGA claim.

17. Clauses 25 and 19 of the charter provide for disputes to be arbitrated in London, with English law to apply.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, BELUGA expects to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim | $784,628.08 |
| B. | 2 years compounded interest at 5% per annum | $80,424.37 |
| C. | Arbitrator's fees and expenses | $86,562.80 |
| D. | Attorneys' fees and expenses | $150,000.00 |
| | Total | **$1,101,615.20** |

## APPLICATION FOR ISSUANCE OF
## A RULE B ATTACHMENT

19. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

20. With respect to KLS, this is a Complaint, *in personam*, with a prayer for process and maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure, to which BELUGA is entitled.

21. After due investigation, KLS cannot be found within this District within the meaning of Rule B of the Supplemental Rules, and BELUGA has made a good faith effort to locate KLS in this District. Upon information and belief, however, KLS has or will have during the pendency of this action assets, comprising *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freight, sub-freights, charter hire and/or sub-charter hire, of belonging to, due or for the benefit of KLS, or either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court in the hands of garnishees, including but not limited to the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse, Bank of China, Bank of Communications, Bank of East Asia, Industrial Bank of Korea, Korea Development Bank, Mega International Commercial Bank, and/or Standard Chartered Bank, which assets are due and owing to BELUGA.

5

22. BELUGA is not seeking this attachment for the purpose of injuring or harassing Defendant.

23. BELUGA will be prejudiced in its recovery against KLS absent a process of attachment.

24. BELUGA seeks an Order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching *inter alia*, any assets of KLS, which may be found in this District, specifically those found and held by said garnishees, for the purposes of obtaining personal jurisdiction over KLS, and/or to secure its claim(s) in arbitration.

**WHEREFORE**, Plaintiff, Beluga Chartering GmbH, prays:

A. That due process according to the practice of this Court in admiralty jurisdiction be issued against the Defendant Korea Logistics Systems Inc. citing it to appear and answer under oath all matters alleged;

B. That since the Defendant cannot be found within this District, pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and as further requested in the attached Affidavit in Support of Prayer for Maritime Attachment, that this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment, attaching all tangible or intangible property in whatever form, including but not limited to cash, goods, chattels, credits, debts, wire transfers, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, bills of lading, effects, monies and debts, or any funds held by the aforementioned garnishees, including assets at, being transferred through, or being

transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse, Bank of China, Bank of Communications, Bank of East Asia, Industrial Bank of Korea, Korea Development Bank, Mega International Commercial Bank, and/or Standard Chartered Bank, which are believed to be due and owing to the Plaintiff in the amount of US$1,101,615.20 to satisfy and/or secure Plaintiff's claims;

C.  That any person claiming an interest in the same, be cited to appear and, pursuant to Rule B, answer the matters alleged in this Complaint;

D.  That this Court maintain jurisdiction over this matter through the entry of judgment or award, for any current claims, or those which may arise in the future, including any appeals; and

E.  That judgment be granted in favor of Plaintiff and that this Court award any other equitable relief that this Court deems fit, including costs, interest and reasonable attorneys' fees.

Dated:  New York, New York
        May 28, 2008

CONDON & FORSYTH LLP

By: _____
Lili F. Beneda (LB 1879)
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile: (212) 597-6721

## VERIFICATION

Lili F. Beneda declares and states that she is an associate in the law firm of Condon & Forsyth, LLP, attorneys for plaintiff in this action, and that the foregoing Verified Complaint is true to the best of her information and belief; that the ground of her belief as to all matters not stated upon knowledge is information furnished to her to by Plaintiff and; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation none of whose officers or directors are present within the District.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2008

_____
Lili F. Beneda