Henry P. Gonzalez, LL.M. (HPG 9238)
**RODRIGUEZ O'DONNELL**
**GONZALEZ & WILLIAMS, P.C.**
Attorneys for Korea Logistics Systems Inc.
1211 Connecticut Avenue, N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980    Telephone
(202) 293-3307    Facsimile

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | | |
|---|---|---|
| BELUGA CHARTERING GMBH, | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | **Case No.: 08 CV 4896 (RWS)** |
| | : | |
| -against- | : | **DEFENDANT'S ANSWER AND** |
| | | **AFFIRMATIVE DEFENSES** |
| KOREA LOGISTICS SYSTEMS INC., | : | **TO VERIFIED COMPLAINT, AND** |
| | : | **COUNTERCLAIM** |
| Defendant. | : | |

-----------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Korea Logistics Systems Inc. ("KLS"), by its undersigned attorney, files this Answer and Affirmative Defenses to Plaintiff's Verified Complaint and does hereby admit, deny, aver, and allege as follows:

## ANSWER

1.    Deny that Plaintiff has a valid Admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  KLS has agreed to submit to this Court's jurisdiction in the event that Plaintiff also agrees to waive the London Arbitration.

2.    Deny.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Admit that Defendant KLS is a corporation organized and existing under the laws of a foreign country. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 4 of the Complaint.

5.      Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Admit that the Charter Party was entered in Seoul, Korea or Bremen, Germany.

8.      Admit.

9.      Admit that Rider Clause 26 was included in the contract between KLS and Plaintiff, but deny any interpretation of Clause 26 without consideration to all clauses to the contract.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Admit that the vessel encountered a tropical typhoon. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.    Deny.

16.    Deny.

17.    Admit that Clauses 25 and 19 of the Charter Party provide for disputes to be arbitrated in London, with English law to apply.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.    Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

20.    Deny.

21.    Deny each and every allegation in paragraph 21 of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

25.    The Complaint fails to state a claim or cause of action against KLS upon which relief can be granted.

### Second Affirmative Defense

26.    The Court lacks subject matter jurisdiction.

### Third Affirmative Defense

27.    The Court lacks personal jurisdiction over KLS.

### Fourth Affirmative Defense

28.    The Complaint against KLS should be dismissed because of improper venue.

### Fifth Affirmative Defense

29.    The underlying action that forms the basis of Plaintiff's dispute is based upon the Charter Party between Plaintiff as an operator of a vessel and KLS as a charterer of the vessel. However, it appears that Plaintiff is an agent of the owner or a disponent owner and may not have privity of contract with KLS to maintain the attachment.

### Sixth Affirmative Defense

30.    Plaintiff has no prima facie admiralty claim, because nether the Sea Protest nor the Mate's Receipt mentions that the cause of damage was due to insufficient lashing and bracing by KLS.

### Seventh Affirmative Defense

31.    The Complaint against KLS specifically fails to state a claim or cause of action upon which relief can be granted because KLS did not have any duty owed to Plaintiff in contract, tort, or otherwise with respect to the vessel subject of the action.

### Eighth Affirmative Defense

32.    Plaintiff's claims against KLS are frivolous because KLS did not have any duty owed to Plaintiff in contract, tort, or otherwise with respect to the vessel subject of the action.

### Ninth Affirmative Defense

33.    KLS did not breach any duty in contract, tort, or otherwise with respect to the vessel subject of this action.

### Tenth Affirmative Defense

34.    Any alleged damages, which are denied, were caused solely by or contributed by Plaintiff's own act or negligence, because Plaintiff knew or should have known that a typhoon was expected in the vessel's route.  However, the vessel sailed through a tropical typhoon, although the typhoon might have been forecasted, and Plaintiff breached its duty of care to Defendant and Defendant's cargo.

### Eleventh Affirmative Defense

35.    Any alleged damages, which are denied, were caused solely by or contributed by act of God, for which KLS is not liable or responsible.  Plaintiff's claims against KLS are barred by doctrine of Force Majeure.

### Twelfth Affirmative Defense

36.     Plaintiff's claims against KLS are barred because KLS is a solvent corporation and is not intending to or contemplating bankruptcy.

### Thirteenth Affirmative Defense

37.     Plaintiff's claims against KLS are barred because KLS transacts and conducts business in New York through International Express Shipping Co., Ltd. with the same address of KLS' affiliate, K.L.S. America, Inc., an active New York corporation.  KLS has a legal agent, Smart Cargo Service, with the address of 145-11, 155th Street, Jamaica, NY 11434.  This agent is required by Section 19 of the Shipping Act of 1984, 46 App. U.S.C. 1718.  In addition, Mr. D. I. Lee, President of International Express Shipping Co., Ltd. and Smart Cargo Service is the designated agent for service of process for KLS.

### Fourteenth Affirmative Defense

38.     Plaintiff's claims against KLS are barred by doctrine of unclean hands.

### Fifteenth Affirmative Defense

39.     Plaintiff's claims against KLS are barred by doctrine of estoppel.

### Sixteenth Affirmative Defense

40.     Plaintiff's claims against KLS are barred by doctrine of latches.

### COUNTERCLAIM

41.     KLS re-alleges and incorporates the allegations of Paragraphs 1 through 40, inclusive, as if fully set forth herein.

42.     Defendant is a corporation organized under the law of, and with its principal place of business in foreign sovereigns.

43.  Plaintiff Beluga Chartering GMBH ("Beluga") is a corporation organized under, and with its place of business in,   foreign sovereigns or certain of the fifty states.

44.  On or about November 2007, Beluga and KLS entered a Charter Party Agreement in Seoul, Korea, for the charter of the vessel, Belgua Constitution.  Beluga is an agent of the owner or a disponent owner of the vessel.

45.  Pursuant to the Charter Party, in November 2007, Beluga transported KLS' shipment from Map Ta Phut, Thailand, Masan, Korea, and Moji, Japan, to Point Lisas, Trinidad Tobago.

46.  During the voyage from Map Ta Phut to Masan, the vessel encountered a tropical typhoon.

47.  The Statement of Sea Protest prepared and issued by the master of the vessel Beluga Constitution, states unequivocally that the vessel encountered a tropical typhoon while crossing South China Sea.  The Sea Protest dose not mention in any way any other possible causes of damage to the vessel or cargo.

48.  Beluga knew or should have known that a typhoon was expected in the vessel's route.   However, the vessel sailed through a tropical typhoon, although the typhoon might have been forecasted.  KLS believes that the only reason Beluga sailed through the expected typhoon was because the shorter the voyage, the more lucrative it would be for Beluga.

49.  If there was any damage to the vessel, it was the result of Beluga's own negligence, as admitted by the Sea Protest.

50.  If there was any damage to the cargo, it was the result of Beluga's negligence.

7

51. The pre and after loading survey at the port of Map Ta Phut states that:

Cargo Condition Inspection
Jointly together with the vessel's Chief Officer, we carefully inspected the condition of the aforesaid cargo prior to loading and found that all packages appeared to be in generally sound condition subject to customary for this type of cargo.

The survey report further states that:

Lashing/Securing
. . .
Jointly together with the vessel's Chief Officer and the Stevedore Foreman, we carefully inspected the stowage and lashing of the four shipment in cargo hold throughout the loading and we found the operation have to be carried out in a satisfactory way.
Stowage, [L]ashing and securing was carried out by professional stevedores under lose supervision of all concerned parties, in an effective and efficient manner.

52. The securing and lashing was performed at the port of loading under a joint supervision with the vessel's Chief Officer and with assistance of the Beluga Vessel crew in securing, lashing and welding at the Map Ta Phut, Thailand.

53. KLS received a claim for damages from its largest customer, Samsung Engineering Co., Ltd. In Samsung's claim, it alleges that KLS caused significant damage to Samsung's cargo which was transported on the Beluga Constitution and which is subject of this action and London arbitration. Samsung is seeking damages in the amount of $3,185,000.00, which includes damage to the cargo, expenses as a result of delays, freight and other damages.

54. Plaintiff had a duty of care to KLS to provide a seaworthy vessel and a master/captain free from negligence.

55. Plaintiff breached its duty of care when the vessel and master/captain decided to sail through a tropical typhoon.

8

56. Plaintiff's negligence as stated herein was the proximate cause of KLS' damages.

57. Plaintiff has no valid claim to KLS' property, and therefore, the attachment was wrongful.

58. Plaintiff knew or should have known that KLS transacted and conducted business in New York through an affiliate and a registered agent.

59. Plaintiff knew or should have known that KLS is a solvent corporation by conducting a due diligence investigation of KLS' financial status.

60. However, Plaintiff acted maliciously and without probable cause to attach KLS' property.

61. Plaintiff's wrongful attachment caused KLS' loss of profits (to be proved at trial with reasonable certainty), attorneys' fees and other expenses related to the attachment action.

62. KLS submit that the counterclaim that KLS files against Plaintiff's original claim against KLS derives from the same transaction that is subject of Plaintiff's claim against KLS.

**WHEREFORE**, Korea Logistics Systems Inc. respectfully prays that:

1. the Complaint be dismissed against KLS;

2. the Court require Plaintiff to provide security in the amount of $3,185,000.00 pursuant to Rule E (7)(a).

3. the Court award KLS reasonable loss of profits, attorneys' fees, court costs, and reasonable expenses incurred in connection with this action; and

9

4.      The Court award KLS such other and further relief as the Court deems just and

proper.

                                        Respectfully Submitted,

By:

                                        Henry P. Gonzalez, LL.M. (HPG 9238)
                                        RODRIGUEZ O'DONNELL
                                        GONZALEZ & WILLIAMS, P.C.
                                        1211 Connecticut Avenue, N.W., Suite 800
                                        Washington, D.C. 20036
                                        (202) 973-2980 – Telephone
                                        (202) 293-3307 – Facsimile

Dated:  August 13, 2008