UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BELUGA CHARTERING GMBH

      Plaintiff,

             08 Civ. 4896

 - against -

            **MOTION FOR LEAVE TO FILE**
KOREA LOGISTICS SYSTEMS INC.    **REPY MEMORANDUM**

      Defendants
------------------------------------------------------------X

  Plaintiff, Beluga Chartering GmbH ("Beluga"), through undersigned counsel, seeks leave of Court to file a Reply Memorandum in Opposition to KLS' most recent memorandum, in which, for the first time, KLS requests counter-security from this Court. Because Beluga should have an opportunity to address arguments that should have been raised in KLS' first memorandum, good cause exists for granting this request.

Dated: New York, New York
    August 14, 2008

                     /s   *Jason P. Waguespack*
                     Jason P. Waguespack (La. Bar No. 21123)
                     *Admitted pro hac vice*
                     Michael J. Nicaud (La. Bar No. 29365)
                     *Admitted pro hac vice*
                     GALLOWAY, JOHNSON, TOMPKINS,
                     BURR & SMITH
                     701 Poydras Street, 40th Floor
                     New Orleans, Louisiana 70139
                     Telephone: (504) 525-6802
                     Facsimile: (504) 525-2456

Lili F. Beneda (LB 1879)
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile: (212) 597-6721
COUNSEL FOR BELUGA CHARTERING GMBH

## CERTIFICATE OF SERVICE

I do hereby certify that on August 14, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ *Jason P. Waguespack*
JASON P. WAGUESPACK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BELUGA CHARTERING GMBH
                        Plaintiff,

                                                                      08 Civ. 4896

   - against -

                                                       **ORDER**

KOREA LOGISTICS SYSTEMS INC.
                        Defendants
------------------------------------------------------------X

      Considering the foregoing Motion for Leave to File a Reply Memorandum filed by Beluga Chartering GmbH;

      IT IS ORDERED that the motion is granted.

                                                             _____
                                                             UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BELUGA CHARTERING GMBH
         Plaintiff,

                  08 Civ. 4896

  - against -

KOREA LOGISTICS SYSTEMS INC.
         Defendants
------------------------------------------------------------X

**REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE ATTACHMENT**

   Plaintiff, Beluga Chartering GmbH ("Beluga"), takes this opportunity to briefly refute arguments raised in defendant, Korea Logistics Systems' ("KLS"), reply memorandum in support of its motion to vacate, during which, for the first time, it requests counter-security. To the extent that this Court deems KLS's request for counter-security procedurally valid, this Court should nevertheless deny KLS' request because it is based upon contingent indemnity claims, which are not ripe. Alternatively, this Court should reduce KLS' requested amount of counter-security to the same amount of Beluga's current attachment, and should allow Beluga to post security in the form of a club letter of undertaking or bond, in lieu of cash. To the extent that they have been sufficiently briefed, Beluga will not address issues it has previously argued.

**I.**  **KLS' request for counter-security is procedurally deficient and must be denied by this Court**

   Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions allows a defendant to make claims for counter-security in certain situations and states in relevant part,

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is

the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise .

"Although this Rule initially appears to make the posting of countersecurity mandatory whenever its conditions are satisfied, the final clause of the quoted language makes clear that the trial court possesses broad discretion in deciding whether to order countersecurity under such conditions." *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.,* 56 F.3d 394, 399 (2d Cir.1995). While Beluga does not deny that KLS' indemnity claims, as alleged, may have stemmed from the same transaction or occurrence as the underlying action, "they must have been brought as compulsory counterclaims for the Court to consider imposing countersecurity." *Id.* Here no such claims have been brought and the Court should not grant KLS' request at this time.

## II. KLS' claims for counter-security amount to contingent indemnity claims and are not ripe

KLS alleges that it has received claims from Samsung Engineering Co. Ltd. ("Samsung") for cargo damage that was transported aboard the M/V BELUGA CONSTITUTION. *Declaration of N.S. Cho*, p. 7. Document 14.  KLS further claims that such claims are the subject of this action and London arbitration and that it will seek indemnification and contribution from Beluga in the amount of $3,185,000.00. *Id.* These claims admittedly amount to claims for indemnity and contribution and are not ripe, because they have not accrued.

Putting aside the substantial defenses that Beluga would have to such claims, properly asserted, a contingent claim is not a proper basis for security in a Rule B context.  Generally speaking, a party must wait until the underlying claim is resolved before seeking security for indemnity actions.  In a very recently decided case, which is

2

directly on point, Judge Marerro substantially reduced a defendant's claim for counter-security by eliminating those portions that were claims for indemnity. *Glory Wealth Shipping Service Ltd. v. Five Ocean Corporation Ltd.*, No. 08-1102, 2008 WL 3166680 (S.D.N.Y. August 4, 2008). "In general, courts in this circuit have not been receptive to contingent indemnity claims as bases for maritime arrests or attachments." *Id.* at *9; *citing Sonito Shipping Co. v. Sun Maritime*, 478 F.Supp.2d 532, 540 (S.D.N.Y. 2007); *see also e.g. Greenwich Marin Inc. v. S.S. Alexandra*, 339 F.2d 901 (2d. Cir. 1965) (vacating attachment as premature where no judgment had been entered in third-party claim); *Sonito Shipping, supra*; *Bottiglieri Di Na Vigazione Spa v. Tradeline LLC,* 472 F.Supp.2d 588 (S.D.N.Y.,2007); *Sanko Steamship Co., Ltd., v. China National Chartering Corp.,* 536 F.Supp.2d 362, (S.D.N.Y.,2008). Here, as in those cases, no suit has been brought against KLS by Samsung, no judgment has been rendered against KLS in favor of Samsung, and KLS has paid no claims made by Samsung. Any claims KLS could maintain against Beluga for indemnity are covered by the charter party, are subject to English law, and, accordingly, are not ripe. Because of the highly speculative and contingent nature of KLS' indemnity claims, this Court should deny its request for counter-security.

**III.     KLS' has no need for counter-security to obtain equality of the parties**

"In deciding whether cause has been shown to justify a denial of countersecurity, a court should be guided by the broad purposes of the rule, which is intended to place the parties on equality as regards security, but not to impose burdensome costs on a plaintiff that might prevent it from bringing suit." *DSND Subsea AS v. Oceanografia, S.A. de CV,* No. 07 Civ. 576, 2008 WL 3020856 (S.D.N.Y., July 29, 2008) *slip op*. Here, KLS has no

pressing need for counter-security, while Beluga has two primary reasons its attachment of funds are necessary. The first is to subject KLS to the jurisdiction of this Court. The second is to provide security for any arbitral award Beluga receives in London, which KLS still refuses to participate in.[1]

As previously briefed, KLS, despite its assertions, is not found within this or any adjacent district for purposes of Rule B. If the Court peels back the layers of evidence presented by KLS, it will determine that KLS, itself, is not "engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." *VTT Vulcan Petroleum, S.A. v. Langham-Hill Petroleum,* 684 F.Supp. 389, (S.D.N.Y.,1988). The only evidence KLS has submitted to indicate that it conducts business in the United States, is that its subsidiaries or affiliates, International Express Shipping Co. Ltd., and K.L.S. America Inc., conduct business here. *Declaration of N.S. Cho*, p. 1-2, Document 14. Absent some sort of bastardized alter-ego theory or KLS' piercing of its own corporate veil, this is not a showing sufficient to prove that it can be found in this jurisdiction.

It is also clear that although KLS has designated an agent for the limited purposes of complying with the regulations of the Federal Maritime Commission, this designation is not one for all purposes, just as retaining an attorney to represent a party in a lawsuit does not make that attorney a general agent for all purposes. Although KLS has agreed to submit to this Court's jurisdiction after Beluga attached its funds, this does not make the attachment improper. In fact KLS waived its rights to dispute this Court's

---

[1] In this respect, how KLS can argue that international comity and the abstention doctrine should apply here, when they refuse to arbitrate in London, is perplexing.

4

jurisdiction, when it did not make a limited appearance under Rule E(8), and when it sought affirmative relief from this Court in the form of counter-security.

In addition to the above, the doctrine of unclean hands traditionally applies to equitable remedies and has been considered in other situations where security has been sought. *See. e.g. Merrill Lynch Futures Inc. v. Kelly* 585 F.Supp. 1245, 1259 (D.C.N.Y.,1984) (considering doctrine of unclean hands in vacating non-maritime attachment). Here, the cause of the damage to the BELUGA CONSTITUTION, and any other cargo, was KLS' failure to comply with Clause 26 of the Charter, in which KLS agreed that it "is Charterer's responsibility that cargo is loaded in shippable/liftable/stackable condition so that it does not present any danger whatsoever…and that any damages for Merchant's failure to comply with the above to be for Merchant's account…" *See* Complaint, p. ¶ 9. As Beluga will prove in its underlying action, it is KLS' failure to provide adequate securing frames for this cargo suitable for sea transport, which is the cause of Beluga's and, assumedly, Samsung's losses. Imposing upon Beluga the obligation to provide security in excess of three million dollars for damage caused by KLS' negligence and breach of charter, in addition to the damage Beluga has already suffered for damage to its ship imposes burdensome costs to Beluga and essentially rewards KLS for its own negligence. KLS has not proven to this Court that it has a need for counter-security for any equitable purposes.

**IV.** **Alternatively, this Court should only award counter-security up to the amount of Beluga's current attachment and allow a club letter of undertaking or bond to be posted in lieu of cash**

Alternatively, should this Court require counter-security, Beluga requests that it be required to post counter-security only up to the amount actually attached by Beluga,

5

and to further permit this counter-security to be in the form of a letter of undertaking issued by its P&I club, or in the form of a surety bond.  KLS has not requested that Beluga post security in the form of cash and such club letters or bonds are commonly accepted forms of security.

Beluga's request to limit counter-security to the amount it has attached is regularly granted in similar cases, where the value of the counterclaim exceeds the value of the plaintiff's claim.  *See e.g. Glory Wealth, supra.; See Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.,* No. 06 Civ. 15299, 2007 WL 646329, at *2 (S.D.N.Y. Feb. 26, 2007); *Finecom Shipping Ltd v. Multi Trade Enterprises AG*, 05 Civ. 6695, 2005 WL 2838611, at *2 (S.D.N.Y. Oct. 24, 2005).  At the present time, Beluga has attached a total of $514,078.50, which an award of counter-security, if any, should be limited to.

## V.   Conclusion

It is clear that Beluga has satisfied the straightforward requirements of Rule B for attaching KLS' assets.  Although procedurally deficient, KLS' counterclaims are also substantively deficient, consisting of contingent indemnity claims that are not ripe and not a proper basis for security in a Rule B context.  Moreover, because KLS comes to this Court with unclean hands, whose negligence is the cause of all others' loss, it would be inequitable and burdensome for the Court to require Beluga to post counter-security to pay for KLS' negligence.  Alternatively, should this Court require counter-security, Beluga requests that it be required to post counter-security only up to the amount actually attached by Beluga, and to further permit this counter-security to be in the form of a letter of undertaking issued by its P&I club, or in the form of a surety bond.  For these reasons,

6

Beluga request that this Court rule against KLS and in favor of Beluga, denying KLS' motion to vacate and denying its request for counter-security.

Dated: New York, New York
       August 14, 2008

                                        /s      *Jason P. Waguespack*
                                      Jason P. Waguespack (La. Bar No. 21123)
                                      *Admitted pro hac vice*
                                      Michael J. Nicaud (La. Bar No. 29365)
                                      *Admitted pro hac vice*
                                      GALLOWAY, JOHNSON, TOMPKINS,
                                      BURR & SMITH
                                      701 Poydras Street, 40th Floor
                                      New Orleans, Louisiana 70139
                                      Telephone:  (504) 525-6802
                                      Facsimile:   (504) 525-2456

Lili F. Beneda (LB 1879)
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile: (212) 597-6721
COUNSEL FOR BELUGA CHARTERING GMBH

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on August 14, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                                        /s/ *Jason P. Waguespack*
                                        JASON P. WAGUESPACK