UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BELUGA CHARTERING GMBH
                       Plaintiff

                  **08 Civ. 4896**

    - against -

                  **ANSWER TO COUNTERCLAIM**

KOREA LOGISTICS SYSTEMS INC.
                       Defendants
-------------------------------------------------------------X

      Plaintiff, Beluga Chartering GmbH ("Beluga"), in response to the Counterclaim filed on behalf of defendant and counterclaimant, Korea Logistics Systems Inc. ("KLS), respectfully answers as follows:

### FIRST AFFIRMATIVE DEFENSE

      The Counterclaim fails to state a claim or cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

      The Counterclaim is time barred by the applicable statute of limitations and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

      Defendant has no right or cause of action against this plaintiff and plaintiff places defendant on full proof of its interest in the cargo that is the subject of this suit and its right to bring this claim for damages.

### FOURTH AFFIRMATIVE DEFENSE

      Plaintiff asserts that the Counterclaim asserted by defendant is premature.

**FIFTH AFFIRMATIVE DEFENSE**

**AND NOW**, answering each and every allegation of fact under the articles of the Counterclaim, plaintiff avers as follows:

41.     To the extent a response is required, the allegations of paragraph 41 are denied and plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 24 of its Verified Complaint and Rule B Attachment as if fully set forth herein.

42.     The allegations of paragraph 42 state legal conclusions which do not require a response from this plaintiff.  To the extent a response is required, the allegations of paragraph 42 are denied.

43.     Plaintiff admits that it is a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Bremen, Germany, who was and now is the deponent owner of the M/V BELUGA CONSTITUTION, a general merchant vessel operated by Beluga in the carriage of goods for hire.

44.     The allegations of paragraph 44 are denied as written.

45.     Except to admit that the M/V BELUGA CONSTITUTION was hired by KLS to carry a cargo of approximately 9,159,120.00 cbm of construction material from Map Ta Phut, Thailand, to Masan, South Korea, and/or Point Lisas in Trinidad, Trinidad and Tobago, the allegations of paragraph 45 are denied.

46.     Except to admit that on 22-23 November, the vessel experienced numerous "gross waves" on the starboard side, as well as high seas and storm force winds, and that this weather system was likely related to Tropical Storm Hagibis, the allegations of paragraph 46 are denied.

47.     The allegations of paragraph 47 are denied.

48.     The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied based on lack of information sufficient to justify a belief therein.

52. The allegations of paragraph 52 are denied based on lack of information sufficient to justify a belief therein.

53. The allegations of paragraph 53 are denied based on lack of information sufficient to justify a belief therein.

54. The allegations of paragraph 54 are denied as written.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 state legal conclusions which require no response from this plaintiff. To the extent a response is required, the allegations of paragraph 62 are denied.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff denies each and every allegation of the Counterclaim, including unnumbered paragraphs and the prayer for relief, not specifically admitted herein.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff specifically pleads that if the defendant sustained damages, which is denied, these damages are the result of the defendant's own negligence and/or fault, which serves to reduce, bar, and/or mitigate its recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff specifically pleads that if the defendant sustained damages, which is denied, said damages are the fault of third-parties for which plaintiff cannot be held legally liable.

**NINTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred, in whole or in part, by the doctrine of unclean hands and/or laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff affirmatively alleges that because Counterclaimant has breached its obligations under the charter party at issue, such damage suffered by plaintiff should be offset from any claim of Counterclaimant, or alternatively, recovered by plaintiff as damages in this litigation.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff affirmatively alleges that Counterclaimant's material breach of the charter party at issue has relieved plaintiff of its obligations under the charter party and/or allowed plaintiff to treat its obligations there under as fully discharged.

**TWELFTH AFFIRMATIVE DEFENSE**

Counterclaimant has not suffered any damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff avers that the cargo described in the Counterclaim was received, loaded, carried, and discharged subject to the terms, conditions and exceptions of certain contracts of

affreightment issued for the carriage of the cargo, by which the shipper and consignee agreed to be and are bound. Any loss or damage to the cargo was due to a cause or causes for which this plaintiff cannot be held liable by virtue of said contracts of affreightment.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff avers that the defendant failed to mitigate its alleged damages or losses.

WHEREFORE, Beluga Chartering GmbH prays that its Answer to defendant's Counterclaim be deemed good and sufficient and that judgment be had in favor of Plaintiff and that this Court award any other equitable relief that this Court deems fit, including costs, interest, and reasonable attorneys' fees.

Dated: New York, New York
August 27, 2008

/s   Jason P. Waguespack
Jason P. Waguespack (La. Bar No. 21123)
*Admitted pro hac vice*
Michael J. Nicaud (La. Bar No. 29365)
*Admitted pro hac vice*
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:   (504) 525-2456

Lili F. Beneda (LB 1879)
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile: (212) 597-6721
COUNSEL FOR BELUGA CHARTERING GMBH

## **CERTIFICATE OF SERVICE**

I do hereby certify that on August 27, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ *Jason P. Waguespack*
JASON P. WAGUESPACK
